UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| STEVEN J. WILSON | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 18- CV-399 |
| | § | |
| THE CITY OF MISSION, | § | |
| TEODORO RODRIGUEZ, JR. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. Steven J. Wilson brings this civil action against Defendant Mission Police Officer Teodoro Rodriguez, Jr, acting under color of law, for depriving Steven Wilson of his rights under the United States Constitution. Steven asserts this action for the violation of his civil rights under 42 U.S.C. §1983. Steven also claims that Officer Rodriguez's acts were negligent for which the City of Mission is liable under the Texas Tort Claims Act ("TTCA").

## PARTIES

2. Steven J. Wilson is a resident of Hidalgo County, Texas. He has a disability due to a schizoaffective disorder.

3. Defendant City of Mission is a municipality in the State of Texas.

4. Defendant Teodoro Rodriguez, Jr. was at all pertinent times employed as a Police Officer by the Mission Police Department ("MPD"). He is being sued in his individual capacity. At all pertinent times, Officer Rodriguez was acting within the course and scope of his authority as an employee of the City of Mission and under color of state law.

## JURISDICTION AND VENUE

5. Steven brings this action under the U.S. Constitution, 42 U.S.C. §1983, and state

1

law, including the Texas Tort Claims Act ("TTCA") (TEX. CIV. PRAC. & REM. CODE 101.001, et. seq.). Jurisdiction is based on 28 U.S.C. §§1331, 1343(a)(3)-(4).

6. Jurisdiction over the TTCA claims arises under Texas Civil Practice & Remedies Code §§ 101.021, 101.025, 101.102 & 101.215. Officer Rodriguez's misuse of tangible personal property caused Steven's injuries. Steven invokes the supplemental jurisdiction of the Court, pursuant to 28 U.S.C. §1367(a), to consider the state law claims.

7. Venue is proper in the Southern District of Texas because all of the events made the basis of this complaint occurred in Hidalgo County, Texas, which is within the Southern District of Texas.

## FACTS

8. Steven Wilson has been diagnosed with schizophrenia and takes medication to treat his mental illness. Steven lives with his mother, Carol Morin, who cares for him and assists him through his illness.

9. On January 9, 2017, Steven suffered a mental health episode. MPD received at least two calls that day from Steven's neighbors who reported that he was running naked through the neighborhood. MPD responded by sending 8 police officers and members of its SWAT team. Officer Teodoro Rodriguez, Jr. was among those who responded.

10. When police arrived at Steven's home, his mother told them Steven suffered from a mental illness. Steven's mother requested MPD assistance because he had been acting erratically that day.

11. MPD officers entered the home and found Steven in his bedroom with the door locked. Officers could not enter the room, but they could see through a window that Steven was unarmed and laying in his bed. The Officers could also see that no one else was in the room with

Steven and that Steven was not injured.

12. MPD ordered Steven's mother to leave the home. She complied even though she did not know what MPD intended to do.

13. MPD officers then prepared to breach the door to Steven's room. Officer Rodriguez, armed with a shotgun, positioned himself outside of Steven's window. Without any provocation and without any threat of imminent harm, Rodriguez aimed his weapon at Steven, opened fire, and shot Steven through the window, intending serious bodily injury or death. Rodriguez fully intended to shoot Steven even though he was laying in his bed unarmed and was not a threat.

14. After the shot, the other officers broke down Steven's door and found him severely injured from the gunshot wound. The bed was covered in a pool of blood. The shot had ripped through Steven's stomach and sliced his intestines, testicles, and other body organs.

15. Despite Steven's severe injuries, the officers grabbed Steven and dragged him from his room to the living room. A trail of blood stained the floor, marking the path of violence and pain.

16. MPD ultimately called for an ambulance, and Steven was taken to McAllen Medical Center for emergency surgery. Steven spent the next month in the hospital undergoing additional surgeries due to the gunshot wound. Steven survived, but has suffered permanent damage from the shooting.

## CAUSES OF ACTION

**A. Excessive Force**

17. Officer Rodriguez's use of unreasonable force against Steven, which caused him injury, violated Steven's constitutional right to be free from unreasonable seizure of his person

guaranteed to him under the Fourth Amendment to the United States Constitution. Officer Rodriguez's acts were objectively unreasonable. Officer Rodriguez's use of excessive force did not relate to a proper or conscious assessment of danger; he failed to respond to Steven's behavior proportionately. Officer Rodriguez's choices were objectively unreasonable under the circumstances and unconstitutional. The use of such force as was used against Steven, an unarmed and emotionally disturbed person, under these circumstances was objectively unreasonable and unconstitutional. Steven was not trying to escape and could not escape because he was locked inside his bedroom. Steven posed no threat of injury or death to Officer Rodriguez or others. There was no emergent situation that threatened life or bodily harm of any person, either police officer or civilian. Steven did nothing to provoke or intimidate Officer Rodriguez or the other officers before Officer Rodriguez shot Steven. Steven was unarmed and not dangerous. Yet, Officer Rodriguez responded with deadly force, a response that was excessive to the circumstances and unnecessary. Officer Rodriguez shot Steven, causing serious and permanent injury.

**B.     Claims under the Texas Tort Claims Act**

18.     Pursuant to the Texas Tort Claims Act ("TTCA") (TEX. CIV. PRAC. & REM. CODE 101.001, et. seq.), and Texas common law, the City is liable for the actions of its employees, including Officer Rodriguez.

19.     The City is a governmental unit covered by the TTCA. Officer Rodriguez, while acting within the scope of his employment with the City, owed duties to Steven and breached those duties, thereby proximately causing Steven's damages, and were therefore negligent.

20.     Officer Rodriguez was negligent under the TTCA when he used or misused tangible personal property. Specifically, and in the alternative to Officer Rodriguez acting

intentionally or willfully, Steven alleges that Officer Rodriguez acted negligently in handling ammunition and firing his weapon at Steven.

21. Before firing his weapon, Rodriguez had loaded his shotgun with a "breaching round," also known as a "slug-shot," that is specially made for breaching doors. The round is designed to destroy deadbolts, locks, and hinges. But unlike traditional buckshot, breaching rounds disperse into powder after impact, avoiding an unpredictable ricochet that could injure the officer firing the round.

22. After the incident, Rodriguez told MPD, including Police Chief Robert Dominguez, that his use of a breaching round was a mistake and that he believed he had loaded his shotgun with a "beanbag round." A "beanbag round" is specially made to render a person immobile and, in contrast to a breaching round, is designed to deliver a blow that does not penetrate.

23. Steven's injuries and damages were proximately caused by Officer Rodriguez's negligent loading and use of his shotgun. Officer Rodriguez would have been personally liable to Steven under Texas law. No exception to the waiver of immunity bars Steven's TTCA claims.

24. The City had knowledge of Steven's injuries, knew that Officer Rodriguez's conduct caused the injuries, and knew the identity of the Officer and the type of equipment involved. Thus, written notice from Steven was not required.

25. The City is liable under the TTCA to Steven for the injuries he sustained and for the damages he suffered as a result of Officer Rodriguez's negligent actions. Steven may recover for the injuries he sustained as a result of the use or misuse of Officer Rodriguez's ammunition and weapon. Steven has suffered and will continue to suffer severe physical pain, mental anguish and emotional distress.

## DAMAGES

26. As a direct and proximate result of the occurrence made the basis of this lawsuit, Steven was caused to suffer serious bodily, emotional, and mental injury, and to incur the following damages:

   a. Reasonable medical care and expenses in the past and future.

   b. Physical pain and suffering in the past and future;

   c. Physical impairment in the past and future;

   d. Loss of earnings in the past and earning capacity in the future;

   e. Loss of consortium in the past and in the future,

   f. Loss of body organs;

   g. Loss of mental function;

   h. Disfigurement in the past and future;

   i. Mental anguish in the past and future;

## JURY DEMAND

27. Steven asserts his rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## ATTORNEYS' FEES

28. Plaintiffs are entitled to recover attorneys' fees, costs, litigation expenses, and expert fees, as allowed, pursuant to 42 U.S.C. §1988.

## JOINT AND SEVERAL LIABILITY

29. All Defendants are jointly and severally liable.

## ALTERNATE PLEADING

30. If any alleged facts and/or causes of action pled herein are inconsistent, they are

pled in the alternative.

## CONCLUSION AND PRAYER

31. For all the foregoing reasons, Plaintiffs pray for judgment against all Defendants for actual and compensatory damages, declaratory relief, injunctive relief, reasonable attorney fees, post-judgment interest, and costs of suit. Plaintiffs also pray for punitive damages against Officers. Finally, Plaintiffs seek all other additional relief as the Court deems just and proper.

Dated: April 19, 2019

*/s/ Victor Rodriguez*
Victor Rodriguez
S.D. Tex. Bar No. 562260
**VICTOR RODRIGUEZ LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Telephone: (956) 630-3266
victor@vrodriguezlaw.com

*/s/ Omar Ochoa*
Omar Ochoa
S.D. Tex. Bar No. 2081960
**OMAR OCHOA LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Telephone: (956) 630-3266
oochoa@omarochoalaw.com

**Attorneys for Steven J. Wilson**