UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| STEVEN J. WILSON | § | |
| *Plaintiff* | § | |
| | § | CIVIL ACTION NO. 18-cv-399 |
| VS. | § | (JURY REQUESTED) |
| | § | |
| THE CITY OF MISSION and | § | |
| TEODORO RODRIGUEZ, JR. | § | |
| *Defendants* | § | |

**DEFENDANTS' ORIGINAL ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, THE CITY OF MISSION and TEODORO RODRIGUEZ, JR., Defendants in the above-styled and numbered cause, and files this their Original Answer to Plaintiff's First Amended Complaint, and in support thereof, would respectfully show unto the Court as follows. Plaintiff is Steven J. Wilson, hereinafter referred to by name or as Plaintiff. Defendants The City of Mission and Teodoro Rodriguez, Jr. will hereinafter be referred to by name, or as Defendants, Defendant City, or Defendant Rodriguez.

**I.
ORIGINAL ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

1. Defendants deny each and all of the Plaintiff's allegations except to the extent expressly admitted herein.

2. Defendants are not required to admit or deny the averments contained in paragraph

       1; however, Defendants admit that Plaintiff complains of Defendants in this lawsuit.

3. Defendants are without knowledge to either admit or deny the averments contained in paragraph 2.

4. Defendants admit the averment contained in paragraph 3.

5. Defendants admit in part and deny in part the averments contained in paragraph 4. Defendants admit that Defendant Rodriguez is employed as a police officer by the City of Mission Police Department, but deny any factual allegations giving rise to the Plaintiff's claims against Defendant Rodriguez.

6. Defendants admit in part and deny in part the averments and allegations contained in paragraphs 5 through 7. Defendants admit that the incident giving rise to this lawsuit occurred in the City of Mission, Hidalgo County, Texas. Defendants would state that Plaintiff has alleged claims under 42 U.S.C. § 1983 and the Texas Tort Claims Act (TTCA). Defendants admit that jurisdiction and venue are proper in the U.S. District Court, Southern District of Texas, McAllen Division. Defendants deny the factual allegations giving rise to Plaintiff's claims. Defendants would further state that the Plaintiff's state law claim lacks subject-matter jurisdiction pursuant to the Texas Tort Claims Act.

7. Defendants are without knowledge to either admit or deny the allegations contained in paragraph 8.

8. Defendants admit that there was a domestic disturbance involving the Plaintiff and

his parents which involved the Plaintiff threatening to harm his parents. Defendants are without sufficient knowledge to admit or deny the averments and allegations contained in the first sentence of paragraph 9. Defendants admit that Defendant Rodriguez was a police officer present at the scene of the incident involving the Plaintiff on January 9, 2017. Defendants deny the remainder of the averments and allegations contained in paragraph 9.

9. Defendants admit that there was a domestic disturbance involving the Plaintiff and his parents which involved Plaintiff threatening to harm his parents, which prompted Plaintiff's mother to seek law enforcement assistance as a result of the physical threats being made towards her by her son, the Plaintiff. Defendants deny the remainder of averments and allegations contained in paragraph 10.

10. Defendants deny the factual allegations contained in paragraphs 11 and 12.

11. Defendants admit in part and deny in part the factual allegations contained in paragraphs 13 through 16. Defendants admit that the Plaintiff was struck in the abdomen and that he was transported to McAllen Medical Center for treatment. Defendants deny the remainder of the factual allegations contained in paragraphs 13 through 16.

12. Defendants deny the allegations contained in paragraph 17.

13. Defendants cannot admit or deny the averment contained in paragraph 18 as Plaintiff is asserting a proposition of law. To the extent Plaintiff is making any factual

allegations in paragraph 18, Defendants deny any factual allegations giving rise to the Plaintiff's claims.

14. Defendants admit in part and deny in part the averments and allegations contained in paragraph 19. Defendants admit that the City of Mission is a governmental unit subject to the provisions of the Texas Tort Claims Act. Defendants further admit that Defendant Rodriguez was acting within the course and scope of his employment for the City of Mission during the incident involving the Plaintiff on January 9, 2017. Defendants deny the remainder of the averments and allegations contained in paragraph 19.

15. Defendants deny the allegations contained in paragraph 20.

16. Defendants deny the allegations contained in paragraph 21.

17. Defendants deny the allegations contained in paragraph 22

18. Defendants deny the allegations contained in paragraph 23.

19. Defendants deny the allegations contained in paragraph 24.

20. Defendants deny the allegations contained in paragraph 25.

21. Defendants admit that Plaintiff seeks certain relief in paragraph 26, but deny that Plaintiff is entitled to any of the relief sought.

22. Defendants cannot admit or deny the averments contained in paragraph 27. However, Defendants would state that they also request a trial by jury.

23. Defendants admit that Plaintiff seeks certain relief in paragraph 28, but deny that

Plaintiff is entitled to any of the relief sought.

24. Defendants deny the allegation contained in paragraph 29.

25. Defendants admit that Plaintiff seeks certain relief in paragraph 30, but deny that Plaintiff is entitled to any of the relief sought.

26. Defendants deny the allegations giving rise to the averments contained in paragraph 31 entitled Conclusion and Prayer. Defendants admit that Plaintiff seeks certain relief in the prayer, but deny that Plaintiff is entitled to any of the relief sought.

## II.
## AFFIRMATIVE DEFENSES

27. Defendants would show that there has been no violation of the Plaintiff's constitutional rights.

28. Defendant Rodriguez is entitled to qualified immunity from liability under 42 U.S.C. § 1983 because he acted under the reasonable belief that his actions were within the course and scope of his official duties and capacities and did not violate the Plaintiff's constitutional rights.

29. Defendants would show that the use of force alleged in Plaintiff's First Amended Complaint was necessary under the circumstances and was in every way constitutional under constitutional standards applicable at the time of the incident made the basis of this lawsuit.

30. Defendants assert that the use of force with regard to this incident was taken in self defense or to protect innocent third persons present during the course of this incident,

or both.

31. Defendant City of Mission is entitled to governmental immunity from suit.

32. Defendant City of Mission hereby invokes all immunities and defenses set out under the Texas Tort Claims Act as it relates to any and all state law claims made by Plaintiff against Defendant City of Mission, including but not limited to, the statutory limits on damages.

33. To the extent Plaintiff asserts state law claims against Defendants, then any such claims are barred by the Texas Tort Claims Act, Chapter 101 of the TEX. CIV. PRAC. & REM. CODE.

34. Defendants would show that Plaintiff's claims do not fall within the limited waiver of immunity set forth in the Texas Tort Claims Act, and Defendants would specifically invoke all the immunities from liability set forth in the Texas Tort Claims Act.

35. Defendants would further invoke all defenses and/or limitations authorized under the Texas Tort Claims Act, including, but not limited to, the defenses and/or limitations set forth in §§ 101.023, 101.024, 101.025, 101.055, 101.056, 101.057, 101.060, 101.101, 101.102, and 101.106 of the TEX. CIV. PRAC. & REM. CODE.

36. Defendants would further assert that any loss or damages allegedly sustained by the Plaintiff at the time, place, and occasion mentioned in Plaintiff's First Amended Complaint were caused in whole by the intentional conduct of the Plaintiff, and not

by any negligence, or fault, or want of care on the part of these Defendants.

37. Defendants would further show that any loss or damages sustained by the Plaintiff at the time and place on the occasion mentioned in Plaintiff's First Amended Complaint were caused in whole or in part, or contributed to, by the conduct of the Plaintiff, and not by any conduct, or fault, or want of care on the part of these Defendants.

38. Defendants would further show that Plaintiff's damages as alleged, although such injuries and damages are not so acknowledged, were caused in whole or in part, or contributed to by the negligence, intentional conduct, fault or want of care of parties, conditions, or instrumentalities over which these Defendants exercised no control and for whose acts these Defendants are not under the law responsible.

39. Defendants would show there was probable cause to initiate criminal proceedings against the Plaintiff.

40. Defendants would show that Plaintiff has failed to plead or produce any facts that would support an inference that Defendants acted with deliberate indifference.

41. Defendants would further show that Plaintiff's damages are a result of Plaintiff's failure to mitigate his damages.

42. To the extent Plaintiff's claim for punitive/exemplary damages is governed by state law, then any such damages are limited by chapter 41 of the TEX. CIV. PRAC. & REM. CODE. The amount of punitive/exemplary damages is further limited by (1) the 14th Amendment's Due Process clause, U.S. Constitution, and (2) Texas Constitution,

article 1, section 13 and 19, the Due Course of Law clause.

43. Plaintiff is not entitled to attorney's fees because Plaintiff is not a prevailing party, and Defendants are entitled to their attorney's fees pursuant to 42 U.S.C. § 1988.

## III.
## RESERVATIONS

Without waiving the foregoing denials and affirmative defenses, but still insisting upon the same for further answer, if any be necessary, Defendants reserve the right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions, dispositive motions, including, but not limited to, motions for summary judgment, and discovery as Defendants may deem proper. Defendants hereby request a trial by jury.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS, THE CITY OF MISSION and TEODORO RODRIGUEZ, JR., pray that upon final trial and hearing hereof, Plaintiff takes nothing by this suit, that Defendants recover all costs incurred herein, including their attorney's fees under 42 U.S.C. § 1988, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on May 14, 2019.

Respectfully submitted,

/s/ Heather Scott
Heather Scott
State Bar No. 24046809
USDC Adm. No. 575294
Email: hscott@guerraleeds.com
*Of Counsel*

Ysmael Fonseca
State Bar No. 24069726
USDC Adm. No. 1139283
Email: yfonseca@guerraleeds.com
*Of Counsel*

R.D. "Bobby" Guerra
*Attorney In Charge*
State Bar No. 08578640
USDC Adm. No. 5949
Email: RDGuerra@guerraleeds.com

GUERRA, LEEDS, SABO
& HERNANDEZ, P.L.L.C.
10123 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 541-1846
Facsimile: (956) 541-1893
*Of Counsel*
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on May 14, 2019, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

**Via Electronic Notice**
Mr. Victor Rodriguez
Victor Rodriguez Law Firm PC
121 N. 10th Street
McAllen, Texas 78501

**Via Electronic Notice**
Mr. Omar Ochoa
Omar Ochoa Law Firm PC
121 N. 10th Street
McAllen, Texas 78501

                                            By: /s/ Heather Scott
                                                    Heather Scott